# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CRAIG COURTNEY CARROLL,** | : | **PRISONER HABEAS CORPUS** |
| **BOP Reg. # 59761-019,** | : | **28 U.S.C. § 2241** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:09-CR-245-TCB-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:19-CV-3191-TCB-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Craig Courtney Carroll, is confined in the United States Penitentiary in Atwater, California. Movant submitted a pro se petition for a writ of *audita querela*, *coram nobis*, mandamus, and other relief under 28 U.S.C. § 1651. [Doc. 254.][1] Movant also submitted a motion for leave to proceed *in forma pauperis*, [Doc. 255], and a letter that the Clerk docketed as a "motion for release on bail," [Doc. 256], and a motion regarding bond, [Doc. 256].

The Clerk docketed Movant's petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, but Movant did not characterize his

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:09-cr-245-TCB-AJB-1.

petition as a § 2255 motion. Accordingly, the undersigned will consider this matter as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

The Court must conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

For the reasons discussed below, the undersigned **RECOMMENDS** that (1) the petition, [Doc. 254], be **DISMISSED**, and (2) Movant's "motion for release on bail," [Doc. 256], and motion regarding bond, [Doc. 256], be **DENIED**. For the purpose of dismissal only, Movant's motion for leave to proceed *in forma pauperis*, [Doc. 255], is **GRANTED**.

**I.    Discussion**

A jury found Movant guilty of (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 2 & 1951, (2) use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(ii), and (3) possession of a firearm by a convicted felon, in violation

of 18 U.S.C. § 922(g)(1). [Doc. 202 at 1.] Movant was sentenced to 295 months of imprisonment, followed by five years of supervised release. [*Id.* at 2-3.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Carroll*, 450 Fed. Appx. 937 (11th Cir. Jan. 12, 2012) (per curiam). [Doc. 225.] Movant filed a counseled § 2255 motion, but he voluntarily dismissed it after the United States Supreme Court issued a decision rejecting the argument in his § 2255 motion. [*See* Docs. 230, 237.]

In the present case, Movant claims that his criminal judgment "is satisfied" because "a security has been deposited upon notice to all parties." [Doc. 254 at 8-12.] However, Movant may not obtain a writ of *audita querela*, *coram nobis*, mandamus, or other relief under § 1651. The Eleventh Circuit has explained the following:

> Certain common-law writs may be used to "fill the interstices of the federal post-conviction remedial framework." [*United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (internal quotation marks omitted)]. However, a "writ of *audita querela* may not be granted when relief is cognizable under § 2255," regardless of whether a § 2255 motion would have succeeded. *Id.* In addition, a writ of *coram nobis* is unavailable to federal prisoners. *See United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999) ("*Coram nobis* relief is unavailable to a person . . . who is still in custody.").

*United States v. Searcy*, 448 Fed. Appx. 984, 985 (11th Cir. Dec. 14, 2011) (per curiam). Section 1651 may not be used to circumvent the restriction on second or

successive § 2255 motions.  *See Morales v. Fla. Dep't of Corr.*, 346 Fed. Appx. 539, 540-41 (11th Cir. Sept. 29, 2009) (per curiam).  To challenge his criminal judgment, Movant may seek authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).  Movant previously filed a complaint for mandamus relief, which was dismissed as frivolous.  *See* Order, *Carroll v. United States*, No. 1:19-cv-1360-TCB (N.D. Ga. May 22, 2019).  Therefore, Movant is not entitled to any relief in the present case.

## II.     Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for leave to proceed *in forma pauperis*, [Doc. 255], is **GRANTED** for the purpose of dismissal only.

**IT IS RECOMMENDED** that Movant's (1) petition for a writ of *audita querela*, *coram nobis*, mandamus, and other relief under 28 U.S.C. § 1651, [Doc. 254], be **DISMISSED**,[2] and (2) "motion for release on bail," [Doc. 256], and motion regarding bond, [Doc. 256], be **DENIED**.

---

[2]     Because a federal prisoner does not require a certificate of appealability (COA) to appeal the dismissal of a § 2241 petition, the undersigned

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 9th day of August, 2019.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

offers no COA recommendation in this matter. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).