IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE |
| v. | NO. 1:09-cr-245-TCB |
| CRAIG COURTNEY CARROLL, | |
| Defendant. | |

## **O R D E R**

This case comes before the Court on Magistrate Judge Alan J.

Baverman's final report and recommendation (the "R&R") [257] which

recommends dismissing the petition [254] for a writ of *audita querela,*

*coram nobis,* mandamus, and other relief under 28 U.S.C. § 1651 and

denying Defendant Craig Courtney Carroll's motion [256] for "release

on bail" and regarding bond. Carroll has filed objections to the R&R

[259].[1]

---

[1] Carroll filed a duplicate version of his objections as a separate docket entry
[260] because of his concern that his previous objections were never received by the
Court. Because the Court did in fact receive his previous objections and because the

Carroll was found guilty by a jury of (1) interference with interstate commerce by robbery, (2) use of a firearm during the commission of a crime of violence, and (3) possession of a firearm by a convicted felon. He was sentenced to 295 months of imprisonment, to be followed by five years of supervised release. The Eleventh Circuit affirmed that sentence. *See United States v. Carroll,* 450 F. App'x 937 (11th Cir. Jan 12, 2012) (per curiam).

On June 24, 2016, Carroll filed a motion [230] to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his career offender sentence was unlawful. On March 16, 2017, Carroll moved [237] to voluntarily dismiss his pending § 2255 motion to vacate, and on March 17, the § 2255 motion was dismissed.

On July 10, Carroll submitted a petition [254] for a writ of *audita querela, coram nobis,* mandamus, and other relief under 28 U.S.C. § 1651. On July 29, Carroll submitted a letter "concerning [his] combined petitions" that was docketed as a pro se motion [256] "for

---

subsequent objections—which are identical—were not timely, this order proceeds on consideration only of the initial, timely objections [259].

release on bail" and regarding bond. On August 9, the magistrate judge

recommended that the petition [254] be dismissed and the motion [256]

be denied. Carroll has objected to the R&R.

## I.   Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete"

review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d

732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to

the R&R. The district judge must "make a de novo determination of

those portions of the [R&R] to which objection is made." 28 U.S.C. §

636(b)(1)(C). In contrast, those portions of the R&R to which no

objection is made need only be reviewed for "clear error." *Macort v.*

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting

*Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.

2005)).[2]

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's
factual findings, but the Supreme Court has indicated that there is no reason for
the district court to apply a different standard to a magistrate's legal conclusions.

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

---

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

## II.  Carroll's Objections to the R&R

Carroll first objects to the characterization of his petition [254] as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his motion was filed pursuant to 28 U.S.C. § 1651 and that "the clerk of court lacks authority to decide if the all writs act should be considered a challenge to the sentence or special assessments under 28 USC 2255 [sic]." Carroll misunderstands the relationship among §§ 2241, 2255, and 1651.

Section 2255 permits federal prisoners to collaterally attack their conviction and sentence. *See Boyd v. U.S.*, 754 F.3d 1298, 1300 (11th Cir. 2014). Ordinarily, "[o]nly a single § 2255 motion is authorized and successive attempts at relief are limited." *Id.* (citing *Stewart v. United States,* 646 F.3d 856, 865 (11th Cir. 2011)). Under § 2255(e), however, a court can "entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's 'remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1334 (11th Cir. 2013)

(quoting § 2255(e)). This remedy is commonly known as the § 2255 "savings clause." *See id.*

By contrast, § 1651 "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). It is an extraordinary remedy that "may not issue when alternative remedies, such as habeas corpus, are available." *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 510–11 (1954)). However, it "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 370 (2013).

Nevertheless, § 1651 cannot be used to circumvent the general restriction on successive § 2255 motions. *See Morales v. Fla. Dep't of Corr.*, 346 F. App'x 539, 540–41 (11th Cir. 2009) (per curiam). Carroll had previously filed a motion under § 2255, so the magistrate judge— recognizing that Carroll did not characterize his petition as falling under § 2255— instead treated the matter as a petition for a writ of

habeas corpus under § 2241. The Court agrees with the magistrate judge's characterization of Carroll's petition and further agrees with the magistrate judge that relief is not warranted on the merits. Accordingly, the Court will dismiss the petition [254].

Carroll also objects to the characterization of his "personal letter" as a motion [256] for release on bail and regarding bond because he "did not send a letter to the clerk of court office to be filed" as a separate motion. Instead, Carroll argues that the letter was submitted in support of his petition under 28 U.S.C. § 1651. Because this Court will dismiss that petition [254], the motion [256] will be denied.

For the foregoing reasons, Carroll's objections [259] are overruled, and the Court adopts as its Order the R&R [257] dismissing Carroll's petition [254][3] and motion [256].

---

[3] A corresponding civil case was opened when Carroll's petition [254] was originally docketed as a § 2255 motion. Because the R&R and this Order recognize that the petition was not intended by Carroll as a § 2255 motion, the motion [1] to vacate under § 2255 in the civil matter is also denied, and the Clerk is directed to close civil action number 1:19-cv-3191.

IT IS SO ORDERED this 13th day of September, 2019.

Timothy C. Batten, Sr.
United States District Judge