IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG CARROLL, | : | MOTION TO VACATE |
| BOP Reg. # 59761-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:09-CR-245-TCB-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:20-CV-4239-TCB-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Craig Carroll, confined in the United States Penitentiary in Thomson, Illinois ("U.S.P. Thomson"), submitted a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 279.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:09-cr-245-TCB-AJB-1. The Clerk is **DIRECTED** to update Movant's address on both the civil and criminal docket sheets. [*See* Doc. 279 at 3, 7, 8 (showing that Movant is confined in U.S.P. Thomson).]

## I. Discussion

A jury found Movant guilty of (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 2 & 1951, (2) use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(ii), and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 202 at 1.] Movant was sentenced to 295 months of imprisonment, followed by five years of supervised release. [*Id.* at 2-3.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Carroll*, 450 Fed. Appx. 937 (11th Cir. Jan. 12, 2012) (per curiam). [Doc. 25.]

On June 24, 2016, Movant filed a counseled § 2255 motion. [Doc. 230.] On March 16, 2017, Movant voluntarily dismissed the § 2255 motion after the United States Supreme Court issued a decision rejecting the same argument he raised. [Doc. 237.] On September 14, 2020, the Eleventh Circuit denied as unnecessary Movant's application for leave to file a second or successive § 2255 motion because his counseled § 2255 motion was not decided on the merits. [Doc. 276.]

In his present § 2255 motion, submitted on October 7, 2020, Movant claims that he was improperly sentenced as a career offender. [Doc. 279 at 1-7.] Movant relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United*

2

*States*, 570 U.S. 254 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990). [*Id.* at 3.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ninety days in which to seek certiorari in the Supreme Court after the Eleventh Circuit affirmed on January 12, 2012. *See* Sup. Ct. R. 13.1. Because Movant did not seek certiorari, his convictions became final on April 11, 2012. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The

one-year statute of limitations expired on April 11, 2013.[2]  Movant submitted his § 2255 motion more than seven years late, on October 7, 2020.

Section 2255(f)(3) does not apply because *Mathis*, *Descamps*, and *Taylor* do not contain rights that are newly recognized and retroactively applicable.  *See In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (regarding *Mathis*); *Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017) (regarding *Descamps*); *United States v. Hill*, CR608-019, 2019 WL 102376, at *2 (S.D. Ga. Jan. 4, 2019) (rejecting inmate's argument regarding *Taylor* and noting that only *Johnson v. United States*, 576 U.S. 591 (2015), is retroactively applicable) (R&R), *adopted*, 2019 WL 316577 (S.D. Ga. Jan. 23, 2019).  Moreover, *Mathis*, *Descamps*, and *Taylor* were decided in 2016, 2013, and 1990, respectively, all more than one year before Movant submitted his § 2255 motion.  Movant also fails to show that the circumstances set forth in § 2255(f)(2) & (4) apply.

---

[2]  The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

4

Finally, Movant fails to show that he is (1) entitled to equitable tolling,[3] or (2) actually innocent.[4] Therefore, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 279], be **DISMISSED** as untimely.[5]

---

[3] "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[5] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (per curiam) ("[T]he principles developed in habeas cases also apply to § 2255 motions.") (citation omitted). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the case. *See also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (per curiam) (holding that district court "did not abuse its discretion when it dismissed [a] § 2254 petition [as untimely] without ordering the [respondent] to respond").

### II.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, correct, or set aside sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 279], be **DISMISSED** as untimely, (2) a COA be **DENIED**, and (3) civil action number 1:20-cv-4239-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 15th day of October, 2020.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE