IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| CRAIG COURTNEY CARROLL, | NO. 1:09-cr-245-TCB |
| Defendant. | |

**O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's final report and recommendation (the "R&R") [282], which recommends dismissing Defendant Craig Courtney Carroll's motion [279] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Carroll has filed objections [284].

## I. Background

Carroll was found guilty by a jury of (1) interference with interstate commerce by robbery, (2) use of a firearm during the commission of a crime of violence, and (3) possession of a firearm by a convicted felon. He was sentenced to 295 months of imprisonment, to be

followed by five years of supervised release. The Eleventh Circuit affirmed that sentence. *See United States v. Carroll,* 450 F. App'x 937 (11th Cir. Jan 12, 2012) (per curiam).

On June 24, 2016, Carroll filed a motion [230] to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his career offender sentence was unlawful. On March 16, 2017, Carroll moved [237] to voluntarily dismiss his pending § 2255 motion to vacate, and on March 17, the § 2255 motion was dismissed.

On October 7, 2020, Carroll filed the present motion to vacate, contending once again that he was improperly sentenced as a career offender.

The magistrate judge recommends dismissing Carroll's present motion as barred by the one-year statute of limitations for § 2255 petitions. The R&R notes that his convictions became final on April 11, 2012, ninety days after the Eleventh Circuit affirmed his sentence on January 12, 2012. It concludes that the statute of limitations expired on April 11, 2013—seven years before Carroll submitted the present motion.

## II. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.  Carroll's Objections to the R&R

In his objections, Carroll confusingly argues that he has not filed a motion pursuant to § 2255 and that prison guards have been committing mail fraud by forging his name on court documents.

---

without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

Nevertheless, he also appears to collaterally challenge his conviction by making an ineffective assistance of counsel claim.

However, Carroll offers no evidence in support of his claims, and the Court finds them to be wholly unsupported by the record. Moreover, he does not respond to the magistrate judge's recommendation that his § 2255 motion be dismissed as untimely.

## IV. Conclusion

Based on the foregoing, the Court agrees with the well-reasoned recommendation of the magistrate judge. Accordingly, Carroll's objections [284] are overruled and the Court adopts as its order the R&R [282]. Carroll's motion [279] is dismissed as untimely.

IT IS SO ORDERED this 29th day of October, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge