IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAIG COURTNEY CARROLL, | |
| Petitioner, | CRIMINAL ACTION FILE NO. 1:09-cr-245-TCB |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION FILE NO. 1:21-cv-794-TCB |
| Respondent. | |

**O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's final report and recommendation (the "R&R") [292], which recommends dismissing Petitioner Craig Carroll's petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] No objections have been filed.

---

[1] Carroll stylized his petition as a motion for a writ of *audita querela*, *coram nobis*, mandamus, and other relief pursuant to 28 U.S.C. § 1651. That statute "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). However, it is an extraordinary remedy that "may not issue when alternative remedies, such as habeas corpus, are available." *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 510–11 (1954)). Accordingly, the magistrate judge properly treated Carroll's petition as one for a writ of habeas corpus.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [292]. Carroll's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. The corresponding civil action number 1:21-cv-794-TCB-AJB is dismissed, and the Clerk is directed to close the civil case.

IT IS SO ORDERED this 29th day of March, 2021.

_____
Timothy C. Batten, Sr.
United States District Judge