IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CRAIG CARROLL,** | : | **MOTION TO VACATE** |
| BOP Reg. # 59761-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | 1:09-CR-245-TCB-AJB-1 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|    Respondent. | : | 1:21-CV-2597-TCB-AJB |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant, Craig Carroll, confined in the United States Penitentiary in Thomson, Illinois, submitted a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 298.]¹ The § 2255 motion includes a construed motion to appoint counsel and a construed motion for evidentiary hearing. [*Id.* at 5-6.] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as impermissibly successive. In addition, the undersigned **ORDERS** that the

---

¹ Citations to the record in this Order and Final Report and Recommendation refer to case number 1:09-cr-245-TCB-AJB-1.

construed motion to appoint counsel and construed motion for evidentiary hearing are **DENIED AS MOOT**.

I. **Discussion**

A jury found Movant guilty of (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 2 & 1951, (2) use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(ii), and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 202 at 1.] Movant was sentenced to 295 months of imprisonment, followed by five years of supervised release. [*Id.* at 2-3.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Carroll*, 450 Fed. Appx. 937 (11th Cir. Jan. 12, 2012) (per curiam). [Doc. 225.]

On June 24, 2016, Movant filed a counseled § 2255 motion. [Doc. 230.] On March 16, 2017, Movant voluntarily dismissed the § 2255 motion after the United States Supreme Court issued a decision rejecting the same argument he raised. [Doc. 237.] On September 14, 2020, the Eleventh Circuit denied as unnecessary Movant's application for leave to file a second or successive § 2255 motion because his counseled § 2255 motion was not decided on the merits. [Doc. 276.] Movant filed pro se § 2255 motions on August 24 and October 13, 2020, and April 26, 2021. [Docs. 274, 279, 295.] The District Court dismissed all three § 2255

motions as untimely.  [Docs. 280, 285, 296.]  In his present § 2255 motion, filed on June 25, 2021, Movant claims that he (1) was improperly sentenced as a career offender, (2) is entitled to equitable tolling, and (3) received ineffective assistance of counsel.  [Doc. 298 at 1-6.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  Unless the Eleventh Circuit authorizes a second or successive § 2255 motion, the District Court lacks subject matter jurisdiction to consider such a motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).  A dismissal of a § 2255 motion as untimely is with prejudice, rendering further § 2255 motions second or successive.  *See Carter v. United States*, 405 Fed. Appx. 409, 410 (11th Cir. Dec. 14, 2010) (per curiam).

Because Movant's three previous pro se § 2255 motions were dismissed as untimely, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion.  Movant has failed to obtain the necessary authorization.  Therefore, the District Court lacks subject matter jurisdiction to consider the present § 2255 motion.  *See United States v.*

3

*Florence*, 411 Fed. Appx. 230, 231 (11th Cir. Jan. 25, 2011) (stating that absent authorization to file second or successive § 2255 motion, district court lacks subject matter jurisdiction).

Movant fails to address the issue of subject matter jurisdiction, but he argues that he is entitled to equitable tolling. [Doc. 298 at 2-4.] Because subject matter jurisdiction is absent, there is no need to address Movant's argument regarding timeliness. *See Lovett v. United States*, Nos. 1:03-cr-139-CC-LTW & 1:12-cv-815-CC, 2012 WL 1134795, at *1 (N.D. Ga. Apr. 4, 2012) ("The issue in this case is not whether Movant timely filed his current motion seeking relief under § 2255, but whether the Court has jurisdiction to consider the motion at all.").

Accordingly, Movant's construed motion to appoint counsel and construed motion for evidentiary hearing are due to be denied as moot.

## II.     Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's construed motion to appoint counsel, [Doc. 298 at 5-6], and construed motion for evidentiary hearing, [*id.*], are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 298], be **DISMISSED** as impermissibly successive, and (2) civil action number 1:21-cv-2597-TCB-AJB be **DISMISSED**.[2]

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 7th day of July, 2021.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); Rule 11(a) of the Rules Governing Section 2255 Proceedings (indicating that § 2253(c) generally applies to § 2255 motions).